USDC SCAN INDEX SHEET

















BJR   3/31/00   16:13

3:00-CV-00650   DEVANCE V. DESERT SUN

*1*

*CMP.*

1  DOUGLAS E. GEYMAN, ESQ. (CSBN 159417)
   750 B Street, Suite 2890
2  San Diego, CA 92101
   Telephone: (619) 232-3533
3  Facsimile: (619) 232-3593

4

5  Attorney for Plaintiff

6

7

**FILED**

**00 MAR 30 PH 4:31**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: B. Reed  DEPUTY

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CHARLOTTE DEVANCE,                )   CASE NO.: **00 CV 0650 L (CGA)**
                                      )
12              Plaintiff,            )    COMPLAINT FOR DAMAGES FOR
                                      )    DAMAGES FOR:
13  v.                                )
                                      )    1) VIOLATION OF RIGHTS AND
14  DESERT SUN PUBLISHING CO.,        )    PROTECTIONS UNDER TITLE VII OF THE
    and DOES 1 through 10, Inclusive  )    CIVIL RIGHTS ACT OF 1964
15                                    )
                Defendants.           )    2) VIOLATION OF RIGHTS AND
16                                    )    PROTECTIONS UNDER TITLE I OF THE
                                      )    AMERICANS WITH DISABILITIES ACT OF
17                                    )    1990.
                                      )
18  _____ )
                                      )
19                                    )

20          COMES NOW Plaintiff, CHARLOTTE DEVANCE, by and through her attorney,

21  DOUGLAS E. GEYMAN, who for causes of actions against Defendants, and each of them,

22  alleges as follows:

23                                    **I.**

24          **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25  1.    Plaintiff, CHARLOTTE DEVANCE is and at all times herein mentioned was, a

26        resident of the Cathedral City, California.

27  2.    Upon information and belief, DESERT SUN PUBLISHING CO. (hereinafter

28        Defendant), is, and at all times herein mentioned was a corporation under the laws of

COMPLAINT FOR DAMAGES

*1*

1    the State of California, and is an entity subject to suit under the Equal Employment

2    Opportunity Commission (hereinafter EEOC). Defendant has designated an agent to

3    accept services of process in California.

4  3.  Plaintiff is unaware of the true names and capacities of the Defendants designated

5    herein as DOES 1 through 10, Inclusive, and therefore sues such defendants by their

6    fictitious names.  Plaintiff will seek leave of court, if required, and amend this

7    complaint to allege their true names and capacities when the same shall become known

8    to her.  Plaintiff is informed and believes, and thereupon alleges, that each and every

9    defendant designated herein as a DOE is in some manner liable or responsible for the

10    acts, occurrences and omissions hereinafter set forth, and the damages proximately

11    caused thereby.

12  4.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

13    each of the defendants was the agent and employee of each of the remaining

14    defendants and, in doing the things hereinafter alleged, was acting within the course

15    and scope of such agency and employment.

16    **II.**

17    **FACTS COMMON TO ALL CAUSES OF ACTION**

18  5.  On or about June 1988, Plaintiff was hired as a Computer Operator for Defendant.

19  6.  Plaintiff alleges that while employed by Defendant she suffered discrimination because

20    of her race, African American, and retaliated against for having complained of racial

21    discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

22  7.  Some examples of the discrimination and retaliation she suffered include:

23  8.  In 1994, Carla Weber, plaintiff's supervisor, a caucasian woman, called Plaintiff a

24    "Black bitch".  Plaintiff complained about it to the manager, Roger Forness, a

25    caucasian man, and to Steve Hyatt, the human resources director, also a caucasian

26    man.  No corrective actions were taken towards Ms. Weber.

27  9.  Plaintiff did not receive her IBM and Microsoft certification during the year ending

28    July 1998.  Plaintiff believes she was qualified and met the requirements and does not

1   know why she did not receive her certification.

2   10.   Plaintiff was given a poor performance evaluation in November 1998 by Carla Weber,
3   and placed on a performance plan.   The reason she was given for the poor
4   performance evalution was the Ms. Weber felt plaintiff was qualified to do her job.

5   11.   After Plaintiff successfully completed the performance improvement plan, on or about
6   February 21, 1999, she was transferred to the finance department.

7   12.   Plaintiff requested a raise following completion of her performance improvement plan,
8   but was denied.  She was told she was maxed out, at the top of the pay scale for her
9   position.  Plaintiff did not believe she was maxed out as she had not received a raise in
10   three years.

11   13.   Plaintiff viewed her payroll history with Defendant corporation on February 21, 1999,
12   and at that time learned that in July 1996, she had been demoted from Computer
13   Operator II, Grade 7, to Computer Operator I, Grade 5.  Until that time she had not
14   been informed by Defendant of their demotion of her.  When plaintiff spoke with the
15   human resource director, Al Edwards about the demotion, he said plaintiff should not
16   have been demoted, however he took no corrective actions.

17   14.   Plaintiff observed and was told by Debbie Godenzia, supervisor of the finance
18   department, a caucasian woman, that Plaintiff could not make errors on the job, but
19   that Ms. Godenzia's niece made errors and was not citicized.

20   15.   Plaintiff believes she was the only African American employee in the Information
21   Technology Department and the Finance Department.

22   16.   Plaintiff made numerous complaints to management to inform them of the
23   discrimination and hostile work environment she had to endure.   Although
24   management acknowledged her complaints, they did nothing to correct the situation.

25   17.   Plaintiff suffered medical injuries due to the hostile work environment she had
26   endured.  She experienced stress, anxiety and depression.  Plaintiff suffered from work
27   related injuries to her neck, back shoulders and hands.  Plaintiff was under a physicians
28   care, and subsequently had to take FMLA time off.

COMPLAINT FOR DAMAGES                3

18.  On February 23, 1999, Plaintiff's employment with Defendant was terminated.

### III.

### VIOLATION OF RIGHTS AND PROTECTIONS UNDER TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

19.  Plaintiff DEVANCE incorporates paragraphs 1 through 18, inclusive as if fully set forth herein.

20.  Upon information and belief, Plaintiff alleges she was the recipent of discriminatory statements and unfair treatment in the workplace by Defendant in violation of her rights and protections under Title VII of the Civil Rights Act of 1964.

21.  Plaintiff has suffered humiliation, mental anguish and emotional physical distress, and has been injured in mind and body.   As a proximate result of the acts of each Defendant,   Plaintiff was injured to her health, strength and activity, sustaining injury to her body, and all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish.

22.  As a further proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff has incurred, and will incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time.

23.  On  12/30/99, the EEOC issued Plaintiff a Right to Sue Letter, see Exhibit A  to this complaint.

24.  The above recited actions were done with malice, fraud and oppression and in reckless disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

25.  Title VII of the Civil Rights Act of 1964 prohibits discrimination in many aspects of the employment relationship.  The Act applies to discrimination based on race, among other things.  It makes it illegal for an employer to discriminate in hiring, discharging, compensation or terms, conditions, and privileges of employment.

26.  / / /

27.  / / /

# III.

## VIOLATION OF RIGHTS AND PROTECTIONS UNDER TITLE I OF THE
## AMERICANS WITH DISABILITIES ACT OF 1990

28. Plaintiff incorporates paragraphs 1 through 27, inclusively as if fully set forth herein.

29. Upon information and belief, Plaintiff alleges discriminatory statements made by Defendants, and unfair treatment on the job contributed to medical injuries to Plaintiff.

30. Plaintiff suffered medical injuries due to the hostile work environment she had endured. She experienced stress, anxiety and depression. Plaintiff suffered from work related injuries to her neck, back shoulders and hands. Plaintiff was under a physicians care, and subsequently had to take FMLA time off.

31. Upon information and belief, Plaintiff alleges she was the recipent of discriminatory statements and unfair treatment in the workplace by Defendant in violation of her rights and protections under Title I of The Americans with Disabilities Act of 1990.

32. Defendants failed and refused to accommodate Plaintiff's complaints regarding the hostile work environment, racial discrimination, and unfair treatment she was subjeted to while employed by Defendant.

WHEREFORE, Plaintiff prays for relief as requested below:

FIRST CAUSE OF ACTION, AS AGAINST ALL DEFENDANTS:

a) Lost wages, salary, employment benefits, and other compensation, mental and emotional distress, loss of future income, past and future medical expenses, disability and other special and general damages in an amount subject to proof;

b) An award of interest, including prejudgment interest, at the legal rate;

c) Attorney's fees and costs of suit incurred herein;.

d) Such other relief as the Court deems just and proper.

SECOND CAUSE OF ACTION, AS AGAINST ALL DEFENDANTS:

a) Lost wages, salary, employment benefits, and other compensation, mental and emotional distress, loss of future income, past and future medical expenses, disability and other special and general damages in an amount subject to proof;

1  b)    An award of interest, including prejudgment interest, at the legal rate;

2  c)    Attorney's fees and costs of suit incurred herein;

3  d)    Such other relief as the Court deems just and proper.

4

5  Dated: _3/30/00_ _____

6                    DOUGLAS E. GEYMAN
                     Attorney for Plaintiff, CHARLOTTE DEVANCE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLOTTE DEVANCE | DESERT SUN PUBLISHING COM |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   RIVERSIDE<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Riverside<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| LAW OFFICES OF DOUGLAS GEYMAN<br>750 'B' Street, Suite 2890<br>San Diego, Ca 92101 | unknown<br><br>'00 CV 0650 L (CGA) |

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ I U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

VIOLATION OF RIGHTS AND PROTECTIONS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF !(¢$ AND UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42: 1983 ed

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|
| DATE 3/30/00 | | SIGNATURE OF ATTORNEY OF RECORD | |

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

*Authority For Civil Cover Sheet*

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use *of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil* complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. *If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving* both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is se                                                                    m in pleadings. Place the "X" in one of
the boxes. If there is more than one basis of j

United States plaintiff. (1) Jurisdiction is bas                                                                    ted States are included here.

United States defendant. (2) When the plainti

Federal question. (3) This refers to suits unde                                                                    Jnited States, an amendment to the
Constitution, an act of Congress or a treaty of                                                                    defendant code takes precedence, and
box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to sui                                                                    en Box 4 is checked, the citizenship of
the different parties must be checked. (See Se                                                                    ies.)

III. Residence (citizenship) of Principal Partie                                                                    as indicated above. Mark this section for
each principal party.

IV. Cause of Action. Report the civil statute c                                                                    se.

V. Nature of Suit. Place an "X" in the approp                                                                    ction , in Section IV above, is sufficient
to enable the deputy clerk or the statistical cle                                                                    e fits more than one nature of suit, select
the most definitive.

VI. Origin. Place an "X" in one of the seven b

Original Proceedings. (1) Cases which origin

Removed from State Court. (2) Proceedings in                                                                    U.S.C., Section 1441. When the
petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check tl                                                                    date of remand as the filing date.

Reinstated or Reopened. (4) Check this box fc                                                                    as the filing date.

Transferred from Another District. (5) For cas                                                                    within district transfers or multidistrict
litigation transfers.

Multidistrict Litigation. (6) Check this box wt                                                                    le 28 U.S.C. Section 1407. When this
box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judg

VII. Requested in Complaint. Class Action. P                                                                    Cv.P.

Demand. In this space enter the dollar amount                                                                    s a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)